**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 21 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTINE SAWICKY, | No. 18-56067 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-00114-R-MRW |
| v. | |
| AMC NETWORKS INC., a Delaware corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted February 19, 2019**

Before:     FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Christine Sawicky appeals pro se from the district court's judgment

dismissing her action alleging copyright infringement and state law claims. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's

dismissal under Federal Rule of Civil Procedure 12(c). *Lyon v. Chase Bank USA,*

---

          *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

          **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*N.A.*, 656 F.3d 877, 883 (9th Cir. 2011).  We affirm.

The district court properly dismissed Sawicky's copyright infringement claim because Sawicky's copyrighted work "Sons of the Legends" and defendant's television show "Growing Up Hip Hop," including its promotional trailers, are not substantially similar under the extrinsic test, and any similarities in the general concepts are unprotected.  *See Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 624-25 (9th Cir. 2010) (setting forth extrinsic test to assess substantial similarity between specific expressive elements of copyrighted works at issue); *Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1076-77 (9th Cir. 2006) (substantial similarity may be decided as a matter of law by applying the extrinsic test); *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002) (when applying the extrinsic test, the court "must filter out and disregard the non-protectible elements in making its substantial similarity determination").

The district court properly dismissed Sawicky's unfair competition claim because it is preempted by the Copyright Act.  *See Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137-38 (9th Cir. 2006) (setting forth two-part test to determine whether a state law claim is preempted by the Copyright Act).

The district court properly dismissed Sawicky's breach of contract, breach of implied contract, and breach of confidence claims because the pleadings demonstrate that the express contract in question was not breached.  *See Oasis W.*

18-56067

*Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011) (setting forth elements of a breach of contract claim under California law); *Lance Camper Mfg. Corp. v. Republic Indem. Co. of Am.*, 51 Cal. Rptr. 2d 622, 628 (Ct. App. 1996) ("[A]n action based on an implied-in-fact or quasi-contract cannot lie where there exists between the parties a valid express contract covering the same subject matter."); *see also Berkla v. Corel Corp.*, 302 F.3d 909, 917-18 (9th Cir. 2002) (setting forth elements of a breach of confidence claim; explaining that a breach of confidence claim is grounded on a quasi-contractual theory).

The district court did not abuse its discretion by denying Sawicky's requests for an extension of time to submit a Rule 26 report or to file a sur-reply regarding defendant's motion to stay or suspend discovery. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (district court has broad discretion to manage its docket).

We reject as without merit Sawicky's contentions that the district court was biased against her as a pro se litigant, or erred by ruling on the Rule 12(c) motion without oral argument.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**